UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY DAVIS, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-1542 |
| | § | |
| COMPUTERSHARE LOAN SERVICES, | § | |
|    *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint.[1] ECF 9. Plaintiff, who is proceeding pro se, has not filed a response. For the reasons explained below, the Court RECOMMENDS that Defendant's Motion (ECF 9) be GRANTED, and that Plaintiff's claims be dismissed with prejudice.

### I.   Factual and Procedural Background.

Plaintiff was employed as a mortgage processor by Defendant ComputerShare Loan Services beginning on January 11, 2021. ECF 1-2 at 1. In March 2021, Plaintiff was diagnosed with Huntington's disease. *Id.* Plaintiff disclosed her diagnosis to Defendant on March 18, 2021 and inquired about medical leave. *Id.* Plaintiff alleges that the medical leave procedures were not explained to her and that

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 2.

Defendant's employee who served as her contact for the leave began refusing her phone calls. *Id.* Plaintiff took a leave of absence starting on April 19, 2021 and also opened a claim for short-term disability leave. *Id.* However, Plaintiff alleges she returned to work on April 22, 2021 because she feared for her job. *Id.* When she returned to work, she was told by Defendant's representative that she had until April 30, 2021 to submit a required return-to-work clearance from her doctor. *Id.* Plaintiff alleges her computer access was discontinued on April 23, 2021 and she was terminated on April 26, 2021 despite being told she would have until April 30 to obtain the return-to-work clearance. *Id.*

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 28, 2021. ECF 9-3 at 2. She received a right to sue letter on March 23, 2022. ECF 1 at 5, 7. Plaintiff then filed a charge with the Texas Workforce Commission ("TWC") on April 25, 2022. ECF 9-2.

On June 21, 2022, Plaintiff filed a complaint against Defendant asserting disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"). *See Davis v. Computershare Loan Servs.*, No. 4:22-CV-02010 (S.D. Tex. June 21, 2022) (J. Lake). She also identified "slander and libel" as wrongful acts of Defendant. *Id.* Plaintiff's first complaint was

dismissed without prejudice for failure to prosecute on October 17, 2022. *Id.* at ECF 3, ECF 4.

On April 26, 2023, Plaintiff initiated the instant complaint alleging the same claims against Defendant. ECF 1. Defendant filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. ECF 9. Plaintiff failed to file a response.

## II.     Rule 12(b)(6) Legal Standards.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citation omitted). However, "it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022) (citation omitted). The Court applies a more lenient standard when analyzing the complaints of *pro se* plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the

3

speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted).

Under Southern District of Texas Local Rules, the Court may construe a failure to respond to a motion to dismiss as Plaintiff having no opposition to the motion. LOC. R. S.D. TEX. 7.4. Even so, a plaintiff's claims may not be dismissed with prejudice based solely on the lack of response. *See Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 597 (S.D. Tex. 2022) ("While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, '[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice.'") (quoting *Watson v. United States ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008)). Instead, "a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it." *Id.* (citing *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976)).

### III. Analysis.

Defendant moves for dismissal with prejudice of all of Plaintiff's claims, arguing that: (A) any ADA claims, or similar federal discrimination or retaliation claims, are time-barred; (B) Plaintiff has not exhausted administrative remedies for any state law discrimination or retaliation claims; and (C) Plaintiff has failed to

4

sufficiently plead slander or libel claims. ECF 9 at 9. The Court addresses each argument in turn.

### A. Plaintiff's ADA claims are time-barred and should be dismissed with prejudice.

After receiving a right-to-sue letter, a plaintiff wishing to file a civil action in federal court must do so within ninety days. *See* 42 U.S.C. § 2000e-5(f)(1).[2] In this case, Plaintiff received a notice of right to sue from the EEOC on March 23, 2022. ECF 1 at 5, 7. Plaintiff then timely filed her first lawsuit on June 21, 2022. *See Davis v. ComputerShare Loan Servs.*, No. 4:22-CV-02010 (S.D. Tex. June 21, 2022) (J. Lake). The first lawsuit, however, was dismissed without prejudice for failure to prosecute on October 17, 2022. *Id.* at ECF 3, ECF 4. Plaintiff filed the instant lawsuit on April 26, 2023. ECF 1.

Although "pro se complaints are held to less stringent standards," courts nonetheless strictly construe the pre-filing requirements. *Taylor v. Books A Million, Inc.*, 913 F.3d 376, 378–79 (5th Cir. 2002). Indeed, the Fifth Circuit has affirmed dismissals of cases in which a plaintiff missed the ninety-day period by just one or two days. *See, e.g., id.* (affirming dismissal of suit filed one day after the ninety-day period expired); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (affirming dismissal of suit filed two days after the ninety-day period expired).

---

[2] The ADA incorporates the enforcement procedures of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117.

Accordingly, a complaint filed more than ninety days after the plaintiff's receipt of the EEOC notice must be dismissed as time-barred under Rule 12(b)(6) unless the plaintiff "establishes, for some justifiable reason, that the limitations period should be equitably tolled." *Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004). Therefore, absent a justifiable basis for equitable tolling of the ninety-day period, Plaintiff's claims are time-barred.

The Fifth Circuit has identified three potential bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 548 (5th Cir. 2010) (citing *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003)). The dismissal of Plaintiff's first timely-filed lawsuit does not toll the ninety-day deadline for this case. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed … and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period."); *accord Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (per curiam). Further, Plaintiff has not identified any facts that could support equitable tolling of the ninety-day period.

6

Because Plaintiff failed to initiate this lawsuit within the required ninety-day period and has failed to provide facts that support equitable tolling, the Court concludes that Plaintiff's ADA claims are time-barred. Leave to amend time-barred claims would be futile so Plaintiff's ADA claims should be dismissed with prejudice. *See Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (explaining that a plaintiff should be given an opportunity to amend a deficient pleading unless the court determines that leave to amend would be futile).

### B. Plaintiff's TCHRA claims should be dismissed with prejudice for failure to timely exhaust administrative remedies.

In an attachment to her Complaint, Plaintiff alleges she was wrongfully terminated in violation of the Texas Commission on Human Rights Act ("TCHRA"), or Chapter 21 of the Texas Labor Code.[3] ECF 1-2. The Texas Labor Code requires a plaintiff claiming employment discrimination or retaliation to properly exhaust administrative remedies by first filing an administrative complaint with the Texas Workforce Commission ("TWC"). *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552 (5th Cir. 2020) (citing TEX. LAB. CODE § 21.201(a)). The deadline for filing an administrative complaint with the TWC is no later than 180 days after the alleged unlawful employment practice occurred. TEX. LAB. CODE § 21.202(a). A plaintiff

---

[3] Although the Texas Commission on Human Rights was abolished in 2004, many courts continue to refer to Chapter 21 of the Texas Labor Code by the TCHRA popular name. *See Little v. Tex. Dep't of Crim. Just.*, 148 S.W.3d 374, 377 (2004); *Johnson v. Select Energy Servs., L.L.C.*, No. H-11-3486, 2013 WL 5425115 (S.D. Tex. Sept. 24, 2013).

may satisfy the Texas Labor Code's filing requirement by filing a charge with the EEOC, but the 180-day time limit still applies. *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, __ F. Supp. 3d__, No. 4:21-CV-1356, 2023 WL 1111832, at *6 (S.D. Tex. Jan. 30, 2023) (citing *Griffin v. City of Dallas*, 26 F.3d 610, 612–13 (5th Cir. 1994)).

In this case, Plaintiff was terminated on April 26, 2021. ECF 1 at 4; ECF 1-2 at 1. The deadline for her to timely file an administrative charge was October 25, 2021—180 days after her termination.[4] Plaintiff filed a charge with the EEOC on December 28, 2021, and with the TWC on April 25, 2022. ECF 9-3; ECF 9-2.[5] Thus, neither Plaintiff's EEOC charge nor her administrative complaint filed with the TWC were filed within 180 days of her termination. Accordingly, Plaintiff failed to timely exhaust her administrative remedies with respect to any claims under the TCHRA/Texas Labor Code. Leave to replead unexhausted claims would be futile and Plaintiff's claims under the TCHRA/Texas Labor Code should be dismissed with prejudice. *See Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th

---

[4] 180 days from April 26, 2021, is October 23, 2021. Because October 23, 2021, was a Saturday, Plaintiff's deadline was Monday, October 25, 2021. *See* FED. R. CIV. P. 6(a)(1).

[5] Plaintiff's charges were presented as attachments to Defendant's Motion to Dismiss. The Court may consider the attachments as part of the pleadings at the motion to dismiss stage because "they are referred to in the plaintiff's complaint and are central to her claim." *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 413–14 (E.D. La. 2016) (holding EEOC charges were central to determining statute of limitations for plaintiff's employment discrimination claims).

Cir. 2019) (explaining that a plaintiff should be given an opportunity to amend a deficient pleading unless the court determines that leave to amend would be futile).

### C. Plaintiff's state law slander and libel claims should be dismissed with prejudice for failure to state a claim.

In addition to her claims for discrimination and retaliation under the ADA and TCHRA, Plaintiff's complaint mentions the words slander and libel. ECF 1 at 4. Under Texas law, slander and libel are types of defamation—slander is spoken, whereas libel is written. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 561 (N.D. Tex. 2021) (citation omitted). To prevail on a defamation claim, "the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting either with actual malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Id.* To the extent Plaintiff intends to assert slander and libel claims against Defendant, she has failed to plead any facts, much less "enough facts to state a claim [for] relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When a plaintiff fails to allege facts that plausibly state a claim for relief and also fails to request leave to amend, the court may find that plaintiff has pleaded her best case and therefore amendment is futile. *See Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D.

9

Tex. Sept. 24, 2020) ("When a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case."); *Vanskiver v. City of Seabrook, Texas*, No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018) (denying request for leave to amend because plaintiff did not put forth facts that state a claim for relief).  Here Plaintiff failed to request leave to amend or to respond to the motion at all.  Thus, the Court concludes that Plaintiff has already pleaded her best case and that leave to amend would be futile.  Therefore, Plaintiff's claims should be dismissed with prejudice. *See Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (explaining that a plaintiff should be given an opportunity to amend a deficient pleading unless the court determines that leave to amend would be futile).

Alternatively, Defendant asserts that when conferring with Plaintiff about these claims, she identified Defendant's statements contained in Defendant's EEOC Position Statement as the basis for her slander and libel claims.  ECF 9 at 16. Statements made during the course of judicial or quasi-judicial proceedings, including EEOC proceedings, are "absolutely privileged" and cannot form the basis of a defamation claim. *See Dick v. J.B. Hunt Transp. Inc.*, 772 F. Supp. 2d 806, 823 (N.D. Tex. 2011); *Street v. Maverick Tube Corp.*, No. 4:15-CV-02736, 2016 WL 8711338, at *8 (S.D. Tex. June 17, 2016).  Defendant's comments in its EEOC

10

Position Statement are privileged and cannot support a defamation claim, whether alleged as slander or libel, thus providing an alternative basis for the Court's conclusion that leave to amend would be futile.

### IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 9) be GRANTED and that all of Plaintiff's claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 08, 2023, at Houston, Texas.

                                                  Christina A. Bryan
                                             United States Magistrate Judge